IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| GILBERT NOE ACOSTA, <br><br> Plaintiff, <br><br> v. <br><br> SEABOARD FOODS, LLC, <br><br> Defendant. | 2:24-CV-100-Z-BR |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion to Dismiss for Failure to State a Claim ("MTD") (ECF No. 16), filed May 29, 2024. It is **GRANTED**.

**BACKGROUND**

This racial-discrimination suit follows an August 12, 2020, finger injury that Plaintiff suffered at work. ECF No. 1 ¶ 6. Defendant encouraged Plaintiff to apply topical adhesives but dismissed the need for further medical intervention. *Id.* ¶ 7. However, Defendant provided an accident report on August 25, 2020, so Plaintiff could seek further medical attention. *Id.* ¶¶ 9–10. Plaintiff had surgery on September 11, 2020. *Id.* ¶ 12.

On December 8, 2020, Plaintiff returned to work with "medical restrictions, which included light duties and no use of his right hand." *Id.* ¶ 13. Plaintiff notes that "other peers had requested similar accommodations" to the foregoing "and those were provided." *Id.* Nevertheless, Plaintiff claims that his "supervisor's attitude toward[] him had noticeably worsened" over the next few months. *Id.* Then, "[o]n December 25, 2020, the supervisor informed Plaintiff that his contract would not be renewed due to his inability to perform his duties as before and his need for regular therapy sessions." *Id.* ¶ 14. Plaintiff refused to resign. *Id.* ¶ 15.

Reviewing the foregoing allegations, Plaintiff claims that "the supervisor's upset [sic] may not be directly linked to the Plaintiff's race . . . ." *Id.* ¶ 12. Elsewhere, he alleges that his "race, being Hispanic, appears to have been a *motivating factor* in the supervisor's discriminatory conduct since other peers had requested similar accommodations and those were provided." *Id.* ¶ 13 (emphasis added). Finally, Plaintiff alleges that Defendant's claim of a "disruptive attitude . . . *may* be a pretext for discrimination based on the Plaintiff's Hispanic ethnicity . . . ." *Id.* ¶ 15 (emphasis added).

**LEGAL STANDARD**

Defendant moves to dismiss this lawsuit under Federal Rule of Civil Procedure 12(b)(6). Under that rule, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," but a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**ANALYSIS**

Congress passed the Civil Rights Act of 1866 in the aftermath of the Civil War to vindicate the rights of former slaves. *Comcast Corp. v. Nat'l Ass'n of African-American Owned Media*, 539 U.S. 327, 333 (2020). Now codified under 42 U.S.C. Section 1981, that statute provides: "All persons . . . shall have the same right . . . to make and enforce contracts, to sue, be parties, [and] give evidence . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a).

Section 1981 requires plaintiffs to demonstrate that race was a "but-for" cause of their legal wrong. *Comcast*, 539 U.S. at 331–32. "Under this standard, a plaintiff must demonstrate that, but for the defendant's unlawful conduct, its alleged injury would not have occurred." *Id.* at 331. By contrast, merely alleging that racial animus was a "motivating factor" behind the alleged discriminatory treatment is insufficient to properly plead a Section 1981 claim. *Id.* at 336–38.

But-for causation is a more demanding standard than motivating causation. In the Section 1981 context, the Supreme Court directs us to consider "the counterfactual — what would have happened if the plaintiff had been white?" *Id.* at 333. Further, "a plaintiff bears the burden of showing that race was a but-for cause of its injury." *Id.* The motivating-factor test, by contrast, is a "lesser standard" because a plaintiff need not demonstrate that racial animus was a necessary predicate for the discriminatory treatment. *Id.* at 337. "Section 1981," the Supreme Court clarifies, "dates back to 1866 and has never said a word about motivating factors." *Id.* at 337–38.

Plaintiff's Complaint, considered in the light most favorable to him, does not satisfy Section 1981 pleading standards. First, and most obviously, Plaintiff himself claims that his race was merely a "motivating factor in the supervisor's discriminatory conduct." ECF No. 1 ¶ 13. Here, Plaintiff articulates the very kind of racial discrimination that the Supreme Court has found insufficient to sustain a Section 1981 claim. It is difficult for the Court to find but-for causation when the Complaint itself alleges a lower form of discrimination.

Second, Plaintiff piles on his formal pleading deficiencies with substantive ones. Specifically, he claims that "the supervisor's upset [sic] may not be directly linked to the Plaintiff's race." *Id.* ¶ 12. Here, Plaintiff actually alleges that race might not have factored *at all* in his alleged discriminatory treatment. Thus, the Court has difficulty finding alleged but-for causation when the Complaint itself states that Defendant's conduct might not be related to race.

Third, the Complaint fails the but-for causation test because it expressly alleges that Plaintiff was treated *the same* as his colleagues. *See Comcast*, 589 U.S. at 333 (directing courts, under the but-for causation standard, to consider "the counterfactual — what would have happened if the plaintiff had been white?"). Specifically, Plaintiff admits that he received workplace accommodations and that his employer afforded those same accommodations to his peers. *See* ECF No. 1 ¶ 13 (explaining that

Plaintiff returned to work with "medical restrictions, which included light duties and no use of his right hand," but stating that "other peers had requested similar accommodations" to the foregoing "and those were provided"). Based on the Complaint, Defendant afforded the same workplace accommodations — light duties pursuant to medical restrictions — to all employees. Thus, the Court cannot find that Plaintiff would have been treated any differently had he been White instead of Hispanic.

In summary, the Complaint baldly undercuts Plaintiff's allegations that Defendant's actions "constitute discrimination based on race." *Id.* ¶ 17. Plaintiff admits that his race was either not a factor at all in his alleged mistreatment, or if anything, that it was merely a motivating factor. Either way, these allegations do not satisfy Section 1981 pleading standards, which require Plaintiff to allege that race was a "but-for" cause for his alleged mistreatment. Plaintiff's Complaint fails to meet this standard.

CONCLUSION

The MTD is **GRANTED** and the case is **DISMISSED**. The Clerk is therefore **DIRECTED** to close the case.

**SO ORDERED**.

October 4, 2024

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE